Feliciano Acevedo, Jueza Ponente
*920 TEXTO COMPLETO DE LA SENTENCIA
FirstBank de Puerto Rico (el recurrente) acude ante nos en recurso de revisión judicial de la Resolución emitida el 28 de febrero de 2003 por el Departamento de Asuntos del Consumidor (DACO). En dicha Resolución, el foro administrativo declaró nulo el contrato de compraventa entre Triangle Dealer de Ponce (Triangle), FirstBank y Angel Irrizary Seda (querellante).
Con el beneficio de la parte recurrida, DACO, resolvemos el mismo, no sin antes exponer brevemente los hechos que originan el recurso.
I
Surge de las determinaciones de hechos elaboradas por DACO en la Resolución recurrida y no controvertidas por el recurrente, que el 11 de enero de 2002, la parte querellante adquirió de VPH Motors Corp. h/n/c Triangle Dealer de Ponce un vehículo de motor usado, de marca Ford, modelo Explorer del año 2001, tablilla EDL-614, número de serie 1FMZU62EX1UB50162. El precio de venta fue $17,995.00 de los cuales el querellado entregó $2,000.00 en efectivo como pronto para el negocio. Además, el querellante entregó en “trade in” a Triangle un vehículo de su propiedad, el cual fue valorado por Triangle en $3,000.00. La diferencia, $12,995.00, fue financiada por FirstBank mediante un contrato de venta al por menor a plazos. El vehículo tenía una garantía de hasta tres años o treinta y seis mil millas, que fue transferida por el fabricante.
Al día siguiente de la compra, el querellante se percató de que el vehículo mostraba varias deficiencias que fueron reclamadas a Triangle inmediatamente. No fue hasta el 11 de abril de 2002, que el querellante notificó a FirstBank de los defectos que presentaba el vehículo.
Posteriormente, la parte querellante se enteró que previo a la compraventa el vehículo había sido chocado y reparado. Ello no le había sido informado en ninguna forma por la parte vendedora previo a la transacción de compraventa.
El 11 de abril de 2002, Angel Irizarry Seda y su esposa Audrey Arroyo Cruz, presentaron querella ante DACO contra VPH Motor Corp. h/n/cc Triangle Chrysler Mazda de Ponce y FirstBank de Puerto Rico. En la misma indicó, además de lo que antes hemos reseñado, que en tres ocasiones había intentado reparar la unidad y con motivo de ello, dos hojalateros le habían indicado que el vehículo mostraba haber sido chocado. Expresó que de haber conocido que el vehículo había sido impactado, no lo hubiese comprado. Informó que el dealer alegaba que desconocía que el vehículo hubiese sido impactado, pero que sabía que la unidad había sido robada y desmantelada, lo cual tampoco informó al querellante. La parte querellada solicitó que se reparara el defecto que mostraba el vehículo y que se rebajara el precio de venta a uno razonable considerando que el mismo había sido chocado. Luego, en agosto de 2003, presentaron enmienda a la querella a los fines de solicitar como *921 remedio único la rescisión del contrato de compraventa y cancelación de las acciones contraídas con las querelladas.
Como parte de los trámites ante la agencia, el 28 de junio de 2002 se celebró vista a la cual comparecieron todas las partes con el propósito de inspeccionar la unidad. El inspector de querellas de autos de DACO informó que tras inspeccionar el vehículo concluía que el mismo había sido “accidentado y reparado de su lado izquierdo y parte delantera del mismo lado así como en el lado derecho. Digo ello porque se pueden observar las deficiencias, las que al ser reparadas, no lucen adecuadas. Ello es en el sello de caucho de las puertas izquierda y derecha, en “liners ” de los guardalodos que carecen de sus sujetadores, cubre faltas con tornillos en vez de los sujetadores que instalan los fabricantes. Relacionado con los cubre faltas del parabrisas delantero las que se encuentran instalados de forma deficiente, ello obedece a que el parabrisa que posee instalado el objeto es un reemplazo “K Y G” ”. (Apéndice Petición de Revisión, Anejo V, pág. 7). Dicho informe no fue objetado por ninguna de las partes.
Ante dicho cuadro fáctico y tras celebrar dos vistas administrativas con la comparecencia de las siguientes personas: (1) Angel Mzary Seda; (2) Audrey Arroyo Cruz; (3) Ledo. Rafael Asencio Marquez, representante legal de Triangle; (4) Michael López, gerente de servicio al cliente de Triangle; (5) Ledo. Jaime Biaggi, representante legal de FirstBank, y (6) Sixto Sánchez Vializ, investigador de querellas de autos de DACO, el DACO determinó que en la transacción había mediado dolo, pues el vendedor no le notificó al comprador de un hecho esencial relacionado con la unidad lo que conlleva la nulidad, del contrato. Así las cosas, responsabilizó solidariamente a Triangle y a FirstBank de la devolución del precio a la parte querellante.
En desacuerdo, FirstBank alega ante nos que:

“1. Erró el DACO al responsabilizar de manera solidaria a FirstBank, junto a Triangle, a responder a la parte querellante por el pronto pago en adición a las mensualidades, ya que el aquí recurrente no intervino en la transacción de compraventa y, por tanto, no tiene responsabilidad por el alegado dolo.

2. Erró el DACO al ordenar la resolución del contrato por vicios en el consentimiento por dolo y/o práctica engañosa en la compraventa, ya que esto no fue probado de manera fehaciente durante la vista administrativa.

3. Erró el DACO al imponer responsabilidad al FirstBank, ya que no se cumplió con la notificación requerida por la Ley de Ventas a Plazos y Compañías de Financiamiento, Ley Núm. 68 del 19 de junio de 1964, según enmendada, 10 L.P.R.A. 749 (a) (3).”

Evaluado el trasfondo fáctico y procesal expuesto y el derecho aplicable al mismo, hemos de concluir que no le asiste la razón al recurrente. Veamos.
II
Por estar intrínsecamente relacionados el primer y tercer señalamiento de error, los discutiremos en conjunto.
En el primer señalamiento de error, First Bank aduce que la responsabilidad de entregar el dinero al querellante corresponde en la totalidad a Triangle, pues fue éste quien sólo se benefició de la transacción al recibir $2,000.00 de pronto pagado por el querellante y al cobrar de First Bank $12,995.00, cantidad financiada por la querellante.
Añade la recurrente que al decretarse la nulidad del contrato de compraventa, también se decreta la nulidad del contrato accesorio al principal. First Bank sostiene que no fue parte del dolo o engaño, sino otra víctima *922 más.
Ante los planteamientos de la recurrente, es necesario evaluar las disposiciones relacionadas a la confección de los contratos en Puerto Rico. El Artículo 1213 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 3391, establece que un contrato se configura cuando concurren los siguientes elementos: (1) consentimiento de los contratantes, (2) objeto cierto que sea materia del contrato, (3) causa de la obligación que se establezca. Véase, Quiñones López v. Manzano Posas, 141 D.P.R. 139 (1996).
No obstante, la validez de todo contrato depende de que concurran los requisitos antes señalados. Uno de los defectos más comunes en los contratos de compraventa es el vicio del consentimiento. El requisito del consentimiento se manifiesta mediante la aceptación de la oferta sobre determinada cosa y causa del negocio. Art. 1214 del Código Civil, 31 L.P.R.A. see. 3401. El consentimiento prestado puede ser nulo cuando el mismo se ha producido por error, violencia, intimidación o dolo. 31 L.P.R.A. see. 3404; Colón v. Promo Motor Imports, Inc., 144 D.P.R. 659 (1997).
En el caso de autos, el DACO estableció que medió dolo en la contratación. Existe dolo cuando con palabras o maquinaciones insidiosas de parte de uno de los contratantes es inducido el otro a celebrar un contrato que, sin ellas, no hubiera hecho. Art.1221, 31 L.P.R.A. see. 3408. Puede cometerse dolo también cuando se calla sobre un aspecto o condición esencial del contrato. Véase, Márquez v. Torres Campos, 111 D.P.R. 854 (1982); Acosta & Rodas, Inc. v. PRAICO, 112 D.P.R. 583, 617 (1982); Canales v. Pan American, 112 D.P.R. 329, 338-342 (1982.
Ahora bien, no todo tipo de dolo produce nulidad del contrato. Para que se produzca nulidad del contrato, es necesario que el dolo sea grave y no meramente incidental. Además, no puede haber sido utilizado por ambas partes. Art. 1222, 31 L.P.R.A. sec. 3409. Se reconoce como dolo grave a aquél que causa, motiva, sirve de ocasión y lleva a celebrar el contrato, de modo tal que sin él no se hubiera otorgado el mismo. Colón v. Promo Motor Imports, Inc., supra.
De otra parte, se reconoce como dolo incidental al que no tiene una influencia decisiva en el otorgamiento del contrato. Este tipo de dolo sólo da lugar a una indemnización de los daños y perjuicios ocasionados. Art. 1222, 31 L.P.R.A. see. 3409.
El dolo no se presume, por lo cual la parte que lo alega tiene la carga de demostrarlo. No obstante, al ser un elemento intencional, el mismo puede inferirse de las circunstancias presentes en el caso particular. Colón v. Promo Motor Imports, Inc., supra; Canales v. Pan American, supra.
El dolo puede surgir del conjunto y evolución de circunstancias y manejos engañosos, mas que de un sólo hecho incidental. Colón v. Promo Motor Imports, Inc.; supra; Acosta & Rodas, Inc. v. PRAICO, supra; Miranda Soto v. Mena Eró, supra.
En el caso de ventas de vehículos de motor, el Reglamento de Garantías de Vehículos de Motor provee una serie de disposiciones que de no cumplirse con ellas podrían dar lugar a la comisión de dolo. Dicho Reglamento requiere a todo vendedor de un vehículo de motor usado, el cual haya sido impactado y reparado posteriormente, indicarlo al consumidor verbalmente y notificarlo por escrito en el contrato de compraventa. Reglamentos del Estado Libre Asociado de Puerto Rico, 10 R.P.R. see. 250.1726 (b). Por tanto, existe dolo cuando un vendedor de un vehículo usado no notifica por escrito al comprador si, previo a la venta, el auto ha sido objeto de alguna reparación.
En el caso de marras, el foro administrativo encontró probado que Triangle no informó al comprador de la condición existente en el vehículo. FirstBank aduce que no intervino en la transacción de la compraventa, por lo *923 cual no se le puede adjudicar responsabilidad por las representaciones que le hizo Triangle al querellante. En tomo a ello, debemos destacar que conforme a la Ley de Ventas a Plazos y Compañías de Financiamiento, 10 L. P.R.A. see. 731, et seq., al otorgar el financiamiento, FirstBank se convirtió en el cesionario del vendedor, Triangle. De esta manera, se colocó en la posición del vendedor y quedó sujeto a cualquier reclamación que pudiera levantar el comprador en contra del vendedor.
Nuestro Tribunal Supremo estableció que en la compraventa a plazos, el vendedor le cede a la entidad financiera su posición ante el comprador a cambio del pago inmediato del precio de venta. Así pues, se crea una relación tripartita entre comprador, vendedor y entidad financiera. La finalidad propia de la cesión de un contrato de venta condicional es la transmisión de la titularidad del contrato del cedente al cesionario. En la transacción, el vendedor cede su posición en el contrato de venta condicional con sus derechos y obligaciones. Berrios v. Tito Zambrana Auto, Inc., 123 D.P.R. 317 (1989).
La Ley de Ventas a Plazos y Compañías de Financiamiento, 10 L.P.R.A. see. 742(4), establece que:

“Todo contrato de ventas al por menor a plazos deberá contener el siguiente aviso: ‘Aviso al Cesionario - el cesionario que reciba o adquiera el presente contrato al por menor a plazos o un pagaré relacionado con éste, quedará sujeto en igualdad de condiciones a cualquier reclamación o defensa que el comprador pueda interponer en contra del vendedor. El cesionario del contrato tendrá derecho a presentar contra el vendedor todas las reclamaciones y defensas que el comprador pueda levantar contra el vendedor de los artículos o servicios. ’ ”

De los autos se desprende que dicho aviso fue incluido en el “Contrato de Venta al por Menor a Plazos” (Acuerdo de Gravamen Mobiliario Sobre el Vehículo) realizado entre FirstBank, Angel Irizarry Seda y Triangle Chrysler Mazda de Ponce. De esta manera, la entidad financiera dio cumplimiento a lo establecido en la Ley de Ventas a Plazos y Compañías de Financiamiento y reconoció su responsabilidad ante el comprador.
De hecho, la Ley de Ventas a Plazos y Compañías de Financiamiento es más específica al reconocer responsabilidad al cesionario ante el comprador cuando prohíbe que a través del contrato el comprador convenga en renunciar a interponer contra el cesionario cualquier reclamación o defensa que surja de la venta. 10 L.P.R.A. see. 749 (a).
No hay duda de que a tenor con la legislación antes descrita y la jurisprudencia reseñada, que FirstBank responde ante el comprador al igual que respondería el vendedor, Triangle. Aún así, Firstbank no está desprovista de remedio. Esta puede llevar una acción independiente de nivelación contra Triangle.
No obstante, el recurrente alega, en el tercer señalamiento de error, que DACO falló al imponerle responsabilidad solidaria con Triangle cuando no se demostró que se hubiese cumplido con el requisito establecido en la Ley de Ventas a Plazos y Compañías de Financiamiento, 10 L.P.R.A. sec. 749(a) (3), sobre notificación al cesionario de cualquier causa de acción contra el vendedor dentro de los siguientes veinte (20) días a la fecha en que advino en conocimiento del hecho. Situación similar ocurrió en Berrios v. Tito Zambrana Auto, supra.. En aquella ocasión, el Tribunal Supremo resolvió que la ausencia de la notificación conforme lo requiere la Ley de Ventas a Plazos y Compañías de Financiamiento, en casos donde lo q.ue se reclama no es el saneamiento por evicción, sino la nulidad por error sustancial que vició el consentimiento en su origen y afectó el perfeccionamiento del mismo, no es óbice para reclamarle responsabilidad a la entidad financiera. Asimismo, dado que el negocio de la compraventa es inexistente por el vicio en el consentimiento, ello conlleva, irremediablemente, la nulidad del contrato de cesión de crédito. Berrios v. Tito Zambrana, supra, en la pág. 336.
*924 III
Por último, hemos de considerar el segundo señalamiento de error. En éste, First Bank aduce que la determinación recurrida no está sostenida por la prueba. Arguye que si bien de los informes de inspección realizados por DACO se desprende que el vehículo había sido impactado y reparado, no se demostró que dicha reparación fuera de índole estructural o cosmética significativa.
Dicho señalamiento está claramente dirigido a impugnar las determinaciones de hechos; no obstante, para ello, la recurrente no hizo gestión alguna para colocarnos en posición de alterar las mismas.
Como es sabido, las determinaciones de hechos de las agencias deberán estar sustentadas en evidencia sustancial que obre en el expediente. 3 L.P.R.A. see. 2175. Evidencia sustancial ha sido definida por nuestra jurisprudencia como “aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión”, una vez se examina la totalidad del expediente administrativo. Hilton Hotels v. Junta de Salario Mínimo, 74 D.P.R. 670 (1953).
Por ello, los tribunales no debemos alterar las determinaciones de una agencia si éstas se fundamentan en evidencia suficiente del récord administrativo. Rivera v. A.R.P.E., 2000 J.T.S. 155. Un análisis de los autos revela que la agencia tuvo ante sí el beneficio de la inspección realizada por el técnico automotriz de la agencia. De la misma surge que el vehículo había sido impactado y reparado en forma defectuosa. Dicha prueba no fue controvertida, pues no se presentó prueba en contrario, ni oposición alguna.
Dadas las circunstancias antes expuestas, no hay ápice de evidencia que nos mueva a alterar las determinaciones de la agencia.
IV
A la luz de los fundamentos antes expuestos, se confirma la Resolución recurrida del Departamento de Asuntos del Consumidor.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General del Tribunal.
Aida Ileana Oquendo Graulau
Secretaria General